# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2013

Lyle W. Cayce
Clerk

No. 12-60706
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEGGY THORNTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:11-CR-2-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Peggy Thornton was found guilty by a jury of five counts of wire fraud, one count of engaging in monetary transactions, and one count of identity theft/fraud. She was sentenced within the guidelines range to concurrent terms of 41 months of imprisonment, to be followed by a total of three years of supervised release. Appealing her conviction on the five counts of wire fraud, Thornton challenges the sufficiency of the evidence. Thornton asserts that, because Lillie Barrett had a right to withdraw all of the funds from the jointly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held account, there was no victim and that the jury erred in finding that she intended to defraud Beatrice Boler.  Additionally, she asserts that she intended to pay the money back to Barrett, which shows that she had no intent to defraud.  In conclusory fashion, Thornton also argues that the evidence was insufficient to support her conviction on the remaining counts of engaging in monetary transactions and identity theft/fraud.

We will uphold the jury's verdict if a rational trier of fact could conclude that "the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted).  The essential elements of wire fraud are "(1) a scheme to defraud and (2) the use of, or causing the use of, wire communications in furtherance of the scheme." *United States v. Gray*, 96 F.3d 769, 773 (5th Cir. 1996); *see* 18 U.S.C. § 1343.  The Government was also required to show that Thornton had a specific intent to defraud.  *See United States v. Brown*, 459 F.3d 509, 519 (5th Cir. 2006).

Though she asserts that Barrett had the absolute right to withdraw money from the account, it was explained at trial that Barrett had this authority only when a letter of authorization was signed by both Boler and Barrett.  Boler unequivocally testified that she did not sign the documents providing such authorization.  There was testimony establishing that Thornton admitted to forging Barrett's signature to the documents in order to transfer the money.  The jury could reasonably infer that Thornton also forged Boler's name.

Additionally, there was evidence that Thornton called Miley and purported to be Barrett.  She arranged for the monetary transfers and used the money to pay for credit card expenses, a car, and a swimming pool.  Contrary to Thornton's argument, there was sufficient evidence to establish that she had the requisite intent to defraud.

Regarding her challenges to the convictions for engaging in monetary transactions and identity theft/fraud, Thornton does not adequately brief the issue as it relates to these counts. Thus, we do not address these counts of conviction.

Thornton also contends that the district court erred by applying the U.S.S.G. § 3A1.1(b)(1) enhancement based on the finding that Barrett was a vulnerable victim. She argues that Barrett could not be a victim in light of the jury's finding on the verdict form that Thornton did not intend to defraud Barrett. To the extent that she argues that the district court cannot consider evidence on counts for which she was acquitted, the argument is foreclosed by *United States v. Watts*, 519 U.S. 148, 157 (1997). *See United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006).

Further, Thornton argues that the evidence did not support a finding that Barrett was unusually vulnerable to being a victim of fraud. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). For purposes of § 3A1.1(b)(1), a "vulnerable victim" is defined as a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." § 3A1.1, comment. (n.2).

In the instant case, there was evidence to establish that Barrett was unusually vulnerable to fraud. Both expert witnesses provided uncontradicted testimony that Barrett suffered from dementia or Alzheimer's. James Gilbert testified that Barrett was significantly impaired in decision making and judgment. Though Dr. Jeffrey McGilbra acknowledged that Barrett was able to hold a conversation, he nevertheless believed that Barrett's judgment was questionable and that she would have difficulty dealing with finances. Thus, the district court did not err in finding that Barrett was unusually vulnerable to being a victim of fraud. *See Cisneros-Gutierrez*, 517 F.3d at 764. Moreover, the

district court specifically stated that if the two-level enhancement had not applied, the resulting guidelines range would be insufficient to satisfy the sentencing factors of 18 U.S.C. § 3553(a) and that the sentence would be the same. Therefore, even if there was error, it was harmless. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).

Accordingly, the judgment of the district court is AFFIRMED.